UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **WILLIAM DAVIDSON HAMBY, Jr.** ) | |
| **#135146,** ) | |
| ) | |
| Petitioner, ) | |
| ) | NO. 3:17-cv-00793 |
| v. ) | JUDGE TRAUGER |
| ) | |
| **WARDEN RANDY LEE,** ) | |
| ) | |
| Respondent. | |

## ORDER

The petitioner, William D. Hamby, Jr., a state prisoner serving a 14-year sentence for aggravated kidnapping, filed a *pro se* amended petition under 28 U.S.C. § 2254 for the writ of habeas corpus (ECF No. 16), and the respondent has filed an answer and relevant portions of the state court record. (ECF Nos. 24, 25, 30.) The matter is fully briefed and ripe for review.

The petitioner's claims are procedurally defaulted and not subject to federal habeas review, for the reasons set forth in the accompanying memorandum. Accordingly, the petition is **DENIED**, and this action is **DISMISSED**. The petitioner's motions for evidentiary hearing and for relief (ECF Nos. 27, 31, 32, 33) are **DENIED**.

The court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. A petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A petitioner makes a "substantial showing" when he demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). "[A] COA

does not require a showing that the appeal will succeed," but courts should not issue a COA as a matter of course. *Id.* at 337.

Reasonable jurists could not debate whether the petitioner is entitled to relief. Accordingly, the court **DENIES** a COA. The petitioner may still seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE